F I L E D
United States Court of Appeals
Tenth Circuit

MAR 31 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RUDOLPHO MUNOZ, aka Rudy P.
Munoz,

       Plaintiff-Appellant,

v.

STACEY TENCIL MUNOZ, a minor
child; TENCIL G. MUNOZ; JANET
CRUZ, Case Worker; BASIN
AUTHORITY, Wyoming Child
Support Enforcement; DEPARTMENT
OF FAMILY SERVICES; DIVISION
OF PUBLIC ASSISTANCE AND
SOCIAL SERVICES; and
DEPARTMENT OF HEALTH AND
SOCIAL SERVICES,

       Defendants-Appellees.

No. 96-8075
(D.C. No. 96-CV-5)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, plaintiff's request for oral argument is denied, and the case is ordered submitted without oral argument.

Plaintiff Rudolpho Munoz and defendant Tencil Munoz were divorced in 1981. A child, defendant Stacey Munoz, was born soon after the divorce. In 1993, the State of Wyoming sought and received a judgment of paternity against Mr. Munoz, and in 1994, he was ordered to provide support for the child. The Wyoming Supreme Court affirmed this judgment on appeal, and Mr. Munoz's subsequent petition for certiorari to the United States Supreme Court was denied.

Following notification that pursuant to the state court judgment he owed $36,979.69 in back child support, Mr. Munoz filed this action under 42 U.S.C. § 1983, claiming that the state proceedings violated his constitutional right to due process, impaired his obligations of contract, and violated the privileges and immunities clause. In addition, he filed motions for declaratory relief and for a preliminary injunction preventing the defendants from further violating his constitutional rights by collecting the child support arrearages.

Defendants responded by asserting Eleventh Amendment immunity as to the state entity defendants and defendants acting in their official capacities, and

caseworker and qualified immunity. The district court dismissed Mr. Munoz's complaint for failure to state a claim upon which relief could be granted and denied his motion to reconsider. Mr. Munoz appeals.

"We review de novo the district court's dismissal for failure to state a claim." Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996). "We uphold a dismissal under [Rule] 12(b)(6) only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." Fuller v. Norton, 86 F.3d 1016, 1020 (10th Cir. 1996). We construe Mr. Munoz's pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

"'To state a valid cause of action under § 1983, a plaintiff must allege the deprivation by defendant of a right, privilege, or immunity secured by the Constitution and laws of the United States while the defendant was acting under color of state law.'" Doe v. Bagan, 41 F.3d 571, 573-74 (10th Cir. 1994) (quoting Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992)). Here, the district court concluded that Mr. Munoz had failed to establish any constitutional violation. We agree.

Mr. Munoz's brief on appeal is lacking in any clear statement of his due process argument. The district court correctly held that the retroactive application

-3-

of the limitations period in the Act did not deprive Mr. Munoz of his constitutional rights.  See Vigil v. Tafoya, 600 P.2d 721 (Wyo. 1979); Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 315-16 (1945); Bernstein v. Sullivan, 914 F.2d 1395, 1400-03 (10th Cir. 1990).

Next, Mr. Munoz argues that the state's actions violate his constitutional protection against impairment of contract.  See U.S. Const. art. I, § 10, cl.1.  The district court properly rejected this argument because it was unable to identify an existing contract between Mr. Munoz and the State of Wyoming or any other party.  Mr. Munoz has not clarified this point on appeal.

The balance of Mr. Munoz's contentions are without merit.  Accordingly, we AFFIRM the judgment of the United States District Court for the District of Wyoming for substantially the reasons stated in its order dated May 14, 1996.  We construe Mr. Munoz's pleading titled "Judicial Notice" as a motion to supplement the record.  Because the documents attached to the motion are irrelevant to this disposition, the motion is DENIED.

The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-4-